UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **LEONARDO HERNANDEZ LOPEZ** | § § § § § § § § § § § § | |
| | | **CIVIL ACTION NO.** |
| **Plaintiff** | | |
| **VS.** | | |
| **FRANCISCO ARVIZU, AND AGROMOD PRODUCE, INC.** | | **Jury Demanded** |
| **Defendants** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiff Leonardo Hernandez Lopez brings this cause of action against Defendants Francisco Arvizu and Agromod Produce, Inc. Mr. Lopez respectfully shows that Francisco Arvizu and Agromod Produce, Inc. failed to properly pay him wages owed for labor rendered, in violation of state and federal law.

### STATEMENT OF CLAIM

1. Plaintiff brings this action for money damages against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and in the alternative, the Texas Minimum Wage Act ("TMWA"), breach of contract, and the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.001 et seq..

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because they are closely related to the FLSA claims within the Court's original jurisdiction. All claims relate to the failure to pay adequate wages and thus form part of the same case or controversy under Article 3 of the U.S. Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), as the events complained of occurred in relation to work performed at a warehouse located in the City of McAllen, Hidalgo County.

## PARTIES

5. Plaintiff Leonardo Hernandez Lopez is an individual residing in Hidalgo County, Texas.

6. Defendant Francisco Arvizu is a resident of Texas. His usual place of abode is 203 South 25th Street, Donna, Texas, 78537.

7. Defendant Agromod Produce, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 700 South Bridge Street, Hidalgo, Texas, 78557. Agromod Produce Inc. is authorized to do business in Texas. Agromod Produce, Inc., has a registered agent, Raul Magana, who can be reached at 2501 Military Highway, Warehouse, Unit C-28, McAllen, Texas, 78503, Hidalgo County, Texas.

## FACTUAL ALLEGATIONS

8. On or about April 2009, Defendants hired Plaintiff to work at the Defendants' warehouse in McAllen, TX.

9. Plaintiff performed work for Defendants until about February 2010.

10. Plaintiff performed several tasks for Defendants, including the packing of papayas into boxes.

11. Defendants promised Plaintiff a salary commensurate to the federal minimum wage.

12. Defendants failed to pay Plaintiff a salary commensurate to the federal minimum wage.

13. Plaintiff regularly worked more than 40 hours a week for Defendants.

14. Defendants failed to pay Plaintiff time and a half for each hour worked over forty in a given workweek.

15. On February 22, 2010, Plaintiff complained to Defendants that he was not being paid commensurate to the federal minimum wage. Defendants terminated his employment because of these complaints.

16. Plaintiff attaches his verification of the factual allegations contained in this complaint as Exhibit A.

## CAUSES OF ACTION

### I. Violation of the Fair Labor Standards Act ("FLSA")

17. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

18. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

19. As an employee of Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203.

20. Defendants failed to maintain complete and accurate records of the hours which Plaintiff worked.

21. Defendants did not pay Plaintiff for all of his work.

22. Defendants fired Plaintiff in retaliation for expressing concerns over the payment of wages.

23. The above-described actions of Defendants violated Plaintiff's rights under the Fair Labor Standards Act for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 218(b).

24. Defendants' failure to pay Plaintiff as specified above was willful.

25. Defendants' termination of Plaintiff violated the anti-retaliation prohibition of 29 U.S.C. § 215(a)(3).

## II. Violation of the Texas Minimum Wage Act ("TMWA")

26. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

27. At all times relevant to this action, Plaintiff was employed by the Defendants within the meaning of the Texas Minimum Wage Act, Texas Labor Code § 62.0012(6).

28. During Plaintiff's employment, Defendants failed to pay Plaintiff the state-mandated minimum wage for each hour that Plaintiff worked.

29. Defendants' failure to pay Plaintiff as specified above was willful.

### III. Breach of Contract

30. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

31. In performing the work, Plaintiff provided valuable services to Defendants.

32. Defendants accepted Plaintiff's services under such circumstances that Defendants reasonably knew that Plaintiff expected to be paid for his services.

33. Defendants had agreed to fully pay Plaintiff the prevailing minimum wage for his work.

34. Defendants failed to fully pay Plaintiff the prevailing minimum wage for his work.

35. Alternatively, if there was no contract covering Plaintiff's work, Plaintiff is entitled to damages pursuant to the common-law doctrines of *quantum meruit* and unjust enrichment.

### IV. Violation of the Texas Theft Liability Act

36. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

37. Defendants unlawfully appropriated, secured, or stole Plaintiff's service with the intent to avoid payment for services.

38. The above-described actions of Defendants constituted a violation of the Texas Theft Liability Act, for which Plaintiff is entitled to relief pursuant to Tex. Civ. Prac. & Rem. Code § 134.003 *et seq*.

## ATTORNEY'S FEES

39. Plaintiff seeks attorney fees as a result of violations of the FLSA, 29 U.S.C. § 216(b), the TMWA, Texas Labor Code § 62.205, and Defendants' breach of an oral contract Tex. Civ. Prac. & Rem. Code § 38.001(8).

## JURY DEMAND

40. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that, upon final hearing, Plaintiff have judgment against Defendants within the jurisdictional limits of this Court for:

(a) his contract wages or, alternatively, for the value of his services;

(b) his unpaid minimum wages and overtime, and an equal amount of liquidated damages;

(c) his lost wages and liquidated damages equal to the lost wages;

(d) compensatory damages for injuries suffered and costs incurred resulting from the retaliatory termination;

(e) punitive damages for the retaliatory termination;

(f) actual damages for Defendants' theft of his services, and statutory damages under Tex. Civ. Prac. & Rem. Code § 134.005(a)(1);

(g) attorney's fees;

(h) pre- and post-judgment interest as provided by law, costs of court, and such other and further relief to which Plaintiff may justly be entitled.

DATED: September 2, 2010

                                            Respectfully Submitted,

                                            **/s/ Elliott Tucker**

Elliott Thomas Tucker
Federal Bar No. 1074776
California State Bar No. 260586
Corinna Spencer-Scheurich
Federal Bar No. 619913
State Bar No. 24048814
**South Texas Civil Rights Project**
P.O. Box 188
San Juan, TX  78589
(956) 787-8171 phone
(956) 787-6348 fax
ATTORNEYS FOR PLAINTIFF